Wyly, J.
On twenty-ninth March, 1872, Hampton Elliot died in New Orleans, leaving a surviving widow and no forced heirs, and *43 property, chiefly in mortgage notes, appraised at upwards of $80,000.
In regard to this property, the present controversy arises between the following parties: Samuel M. Davis claiming by deed or an assignment of date April 16, 1869; Mrs. Virginia C. Burke, by will of date twenty-ninth May, 1869, executed in Adams County, Mississippi; Mrs. Mary E. Risley, by will of date twenty-ninth November, 1871, executed in New Orleans; and Letitia C.. Elliot claiming as surviving widow.
The court gave judgment as follows: The demand of Davis was rejected and the property decreed to belong to Hampton Elliot’s succession. The will propounded by Mrs. Risley was held to be null and void, and her demand thereunder rejected. The demand of Mrs. Elliot was disallowed; and the will propounded by Mrs. Burke was declared to be valid, and she was recognized as the universal legatee of Hampton Elliot and, as such, entitled to the property in controversy.
From this judgment Davis, Mrs. Risley, and ■ Mrs. Elliot have appealed.
In regard to the facts the finding of the court is that Hampton Elliot died possessed of the property in controversy, and that his legal domicile was in Adams County, Mississippi.
So far as the immovable property of the succession is concerned, Davis can not claim title, whether the funds employed by Elliot in the purchase thereof belonged to him or not.
In regard to the movable property claimed by Davis under the deed or assignment of sixteenth April, 1869, the inquiry is simply as to the ownership thereof, and for that purpose parol as well as written evidence may be considered.
If the position of the parties were different, that is, if Davis after collecting the $80,000 and upwards from the succession of Jacob Surget under the assignment of the heirship of Elliot 6of date sixteenth April, 1869, had retained the money, and Elliot or his heirs were suing to recover it, he could hold up the deed or assignment, which he claims as the basis of his title, and parol evidence could not be received to contradict it, whether that instrument was a bona fide transfer or not. If it were a simulation nothing but a counter letter could show the fact so far as regards Elliot or his heirs.
But what was the action of Davis under the assignment of Elliot’s heirship of the estate of his uncle, Jacob Surget, of date April 16,1869 9 Under it Davis collected the money, and after accounting to Elliot as his principal, paid it over to him or put it under his control, and expressed the wish that Elliot may live long to enjoy it. Although neither Elliot nor his heirs could have disputed the title of Davis in an action against him for the money collected under the assignment of the sixteenth April, 1869, still, after the real intention of the parties *44 under that instrument has been executed and the money paid over to Elliot in pursuance thereof, it was perfectly competent to prove by any legal evidence the ownership of the thing. And the proof in the record shows beyond doubt that the property in controversy belongs to Elliot’s succession. It was undoubtedly the purpose of Elliot in making the assignment to Davis to conceal his property from his wife, whom he had abandoned.
We are therefore of the opinion that the court below did not err in rejecting Davis’ demand.
We will next consider the title set up by Mrs. Risley. She propounds it as a will. It was written in pencil on a small piece of paper, and is as follows:
“New Orleans, Twenty-ninth November, 1871.
Mary, I have shown you notes for loaned money for over eighty thousand dollars secured by first mortgage on valuable real estate in this city. There is a large margin allowed, that is, if house and ground is worth twelve thousand dollars, only six thousand would be loaned on it. If I die, this is for you. H. ELLIOT.”
We can not regard this as a testamentary paper. The intention of the party to make a will is not manifest ; and there is no corpus upon which a will can operate. The notes referred to in the writing are not those involved in this suit, because it is shown that they were never exhibited to Mrs. Risley. We think the court did not err in declaring the writing void as a will and setting aside the probate thereof.
In regard to the will set up by Mrs. Burke, it is not doubted that it is perfect in form and conveys title, unless her incapacity to inherit be established by the evidence. It is urged in argument, but was not pleaded, that the proof shows that Mrs. Burke lived in open concubinage with the deceased, and therefore under article 1481 of the Revised Code she was incapable of receiving a donation of immovable property from him, and could only receive a donation of movables in an amount not exceeding one-tenth part of his whole estate. In support of the position, the letters of Elliot to Mrs. Burke, introduced in evidence by herself, are chiefly relied on. They show a degree of familiarity highly unbecoming in the correspondence between a gentleman and a lady; and from their tenor the relation of the parties to each other looks highly suspicious. But in the absence of corroborating evidence and in view of the fact that during the correspondence and nearly the whole time of their acquaintance, she was in New York and he in New Orleans, we can not decide the parties lived in open concubinage, and were, therefore, not capable of making donations to each other, except to the limited extent allowed by article 1481 of the Revised Code of 1870.
*45 Our conclusion is that the will propounded by Mrs. Burke is valid, and under it she is entitled to the property of Hampton Elliot as far as he was able to make a testamentary disposition thereof, according to the laws of Mississippi, the place of his domicile, and where the will under consideration was made.
We come now to consider the rights of Mrs. Elliot, the surviving widow of deceased. They must be determined by the laws of Mississippi. Looking to the Revised Code of Mississippi of 1871, we find article 1282, which reads as follows:
“ When a husband dies intestate, or shall make his last will and testament, and not make satisfactory provision therein for his wife, as aforesaid, she shall be entitled to share in his personal estate in the following manner, to wit: If there be no children, or if there be but one child, in that case she shall be entitled, out of the residue left, after paying the debts of the deceased, to one-half; but if there be more than one child, in that case she shall be entitled to a child’s part, in either case in fee simple, and she may claim distribution thereof at the time and in the manner that other distributees may have distribution of estates.” * * * * * *
Elliot left no children and according to the laws of Mississippi his widow is entitled to one-half of his personal property. The immovable property is controlled by the law of this State and passed under the will to Mrs. Burke.
It is therefore ordered that the judgment herein be amended so that Mrs. Elliot, the surviving widow, be decreed to be the legal owner of one-half the movable property belonging to the succession of Hampton Elliot, and as thus amended it is ordered that the judgment be affirmed, appellants, except Mrs. Elliot, paying costs of appeal, and so far as relates to Mrs Elliot costs to be paid by Mrs. Burke.